IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SCHERE' DENICA GRAY** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 16-3798** |
| | * | |
| **U.S. DEPARTMENT OF TREASURY** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Schere' Denica Gray has sued the United States Department of Treasury (Treasury). In his[1] Complaint (ECF No. 1), he alleges the Treasury breached the terms of a trust of which he is the sole beneficiary. The Treasury has filed a Motion to Dismiss (ECF No. 8), which Gray opposes (ECF No. 10). Also pending are Gray's Request for Entry of Summary Judgment (ECF No. 12), Request to Seal the Case Record (ECF No. 13), and Request for In Camera Review (ECF No. 14).

For the following reasons, the Court will **GRANT WITH PREJUDICE** the Treasury's Motion to Dismiss (ECF No. 8) and **DENY** all of Gray's motions.

---

[1] Gray's birth certificate indicates Gray is "of the female sex." However, in his Opposition, Gray attests that he is a "man of the female gender." Because it appears he identifies as a male, the Court will refer to him accordingly.

1

# I. FACTS AND PROCEDURAL HISTORY

On October 11, 2016, the IRS issued a Notice of Jeopardy Levy and Right of Appeal (Notice) to Gray, explaining that it determined he had submitted a frivolous 1040 federal income tax return for tax year 2015, which falsely claimed withholding credits that did not exist and resulted in a fraudulent tax refund of $170,987.00. ECF No. 1-4 at 2. The Notice also explained that, according to IRS records, he had attempted to place the refund beyond the reach of the Government. *Id.* Accordingly, the IRS issued a levy on his bank account. *Id.*

On October 27, 2016, Gray executed what he termed a "Deed of Special Trust," identifying himself as both the "collateral" and Beneficiary and designating the Treasury as the Trustee. ECF No. 1-2 at 2. The document was delivered to the Treasury on October 31, 2016. ECF No. 1-3.

On November 23, 2016, Gray filed the present action, alleging that the Treasury, as "Trustee," violated the terms of the trust by issuing "letters of administration stylized as 'Notice of Levy.'" ECF No. 1 ¶¶ 4-8. He asks the Court to compel the Treasury to: (1) perform according to the terms of the trust; (2) release the levy against the trust property and return all property to the beneficiary; and (3) enjoin the Trustee and its fiscal agents from transferring or disposing of the property outside of the terms of the trust. ECF No. 1 at 4.

The Treasury filed its Motion to Dismiss on March 31, 2017. ECF No. 8. It contends dismissal is required because the Court lacks jurisdiction and the Complaint fails to state a claim upon which relief can be granted. ECF No. 8-1 at 1. Gray filed his opposition on April 17, 2017, and a subsequent motion for summary judgment on May 19, 2017.

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the allegations in a complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A party may move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited subject matter jurisdiction: they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that the district court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Treasury rightly construes Gray's Complaint as barred by the doctrine of sovereign immunity. When a governmental entity is sued and Congress has not waived sovereign immunity as to the claim, sovereign immunity deprives the court of jurisdiction to hear the case. *See Global Mail Ltd. v. United States Postal Serv.*, 142 F.3d 208, 210 (4th Cir.1998). Once a district court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. *Vuyyuru*, 555 F.3d at 347 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006)). Gray has failed to establish (or even allege) that the Treasury has waived sovereign immunity to justify jurisdiction in this case.

In any event, the outcome would be the same even if Gray had sued a proper defendant. His Complaint fails to plead a claim that is plausible on its face. Though a plaintiff proceeding *pro se* is entitled to have his complaint construed liberally, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Gray's Complaint identifies no fiduciary duty nor breach of same by the Treasury. His trust theory is pure fantasy. Apart from the absurdity of the theory, to create a trust by written declaration in Maryland, the writing must identify the trust property. Md. Code Ann. Est. & Trusts § 14-404(b). A person cannot be trust property. *See id.* § 14-401(j), (o) (defining "person" and "trust property"). Gray's attached "Deed of Special Trust" which identifies himself as the "collateral" is equally nonsensical. *See* ECF No. 1-2. But even if he had identified cognizable property, Gray delivered no property to—nor was any accepted by—the Treasury, as required by Maryland law for Trustee obligations to attach. *See* Md. Code Ann. Est. & Trusts §§ 14-404(e), 14-405(a) (stating the obligations of the Trustee begin when the Trustee accepts the trust property).

Finally, the Treasury's alleged "breach," namely the levy on his bank accounts, occurred before any so-called "trust" was created. *See* ECF No. 1-4 at 2 (Notice dated October 11, 2016) and ECF No. 1-2 (Deed of Special Trust executed on October 27, 2016). The Treasury could not have breached a fiduciary duty that did not exist at the time. Gray's delivery of a signed "Deed of Special Trust" after the fact does not change the outcome.

The Treasury's Motion to Dismiss is **GRANTED.**

### B. Gray's Motions

Having granted the Treasury's Motion to Dismiss, Gray's remaining motions are easily disposed of.

Summary judgment will be granted where "there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party." *Willingham v. Crooke*, 40 F. App'x 850, 851 (4th Cir. 2002). Because Gray has failed to state a claim sufficient to survive a motion to dismiss, he obviously is not entitled to judgment as a matter of law on that claim.

His Request for Summary Judgment is therefore **DENIED.** Likewise, there is no purpose for conducting in camera review and his motion to that effect is **DENIED**.

Finally, because Gray has provided neither a sufficient reason to justify sealing the pleadings herein nor an explanation as to why alternatives to sealing would not provide appropriate protection, as required by Local Rule 105.11, the Request to Seal is also **DENIED.**[2]

### III. CONCLUSION

For the foregoing reasons, the Treasury's Motion to Dismiss (ECF No. 8) is **GRANTED**. The Court **DISMISSES** Gray's Complaint (ECF No. 1) **WITH PREJUDICE**. His Request for Entry of Summary Judgment (ECF No. 12), Request to Seal the Case Record (ECF No. 13), and Request for In Camera Review (ECF No. 14) are **DENIED.**

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 7, 2017**

---

[2] To protect Gray's identity, however, the Court will redact sensitive personal information contained in any exhibits attached to his motions.